## In re LOVELAND.

(District Court, D. Massachusetts. January 22, 1912.)

### No. 17,053.

BANKRUPTCY (§ 396*)—PROPERTY VESTING IN TRUSTEE—LIFE INSURANCE POLICY—EXEMPTION STATUTE OF MASSACHUSETTS—"EXEMPT."

Under Rev. Laws Mass. c. 118, § 73, providing that, if a policy of life insurance is effected in favor of a person other than the insured, the lawful beneficiary other than himself or his legal representatives shall be entitled to the proceeds against his creditors and representatives, and also that a policy "made payable to or for the benefit of a married woman * * * shall inure to her separate use and benefit and to that of her children," a policy payable to the insured at the end of 20 years if living, and in case of his prior death to his wife if living, otherwise to his legal representatives or assigns, is not "exempt" by the law of the state within the meaning of Bankruptcy Act July 1, 1898, c. 541, § 6a, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), but on the bankruptcy

of the insured passes to his trustee, under section 70a(5), as property which he could have transferred.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*

For other definitions, see Words and Phrases, vol. 3, pp. 2579, 2580.]

In the matter of Edward L. Loveland, bankrupt. On petition for review of referee's order denying petition of trustee for the surrender to him by the bankrupt of a certain policy of life insurance. Reversed.

To the Honorable Frederic Dodge, Judge of said Court:

I, James M. Olmstead, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, to wit:

This was a petition to review an order of the referee denying a petition of the trustee for the surrender and assignment of an insurance policy. The case was submitted on agreed statement of facts. Being of the opinion that this claim is governed by the principles laid down in the cases of Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, and Bailey v. Wood, 202 Mass. 549, 563, 89 N. E. 147, 149, rather than by the doctrine expressed in the case of Blinn v. Dame, 207 Mass. 159, 93 N. E. 601, I found in favor of the debtor and entered an order accordingly. See In re Orear (C. C. A.) 189 Fed. 888; In re Carlon (D. C.) 189 Fed. 815.

And the pleadings are herewith submitted and made a part of this certificate.

And the said question is hereby certified to the judge for his opinion thereon.

Dated at Boston, this 23d day of December, A. D. 1911.

James M. Olmstead, Referee in Bankruptcy.

Wilfrid J. Gaffney, for bankrupt.

Linus C. Coggan, for trustee.

DODGE, District Judge. The policy here in question was issued by the Prudential Insurance Company of America at Newark, N. J., September 23, 1902. The bankrupt is named in it as the insured. The insurer agrees by it to pay $2,000 at the expiration of 20 years from its date, provided the insured be then alive, or in case of his death within the 20 years, upon proof of his death. The amount thus payable is to be paid to the bankrupt if living at the expiration of the 20 years, or, in case of his prior death, to his wife if living, otherwise to his executors, administrators, or assigns. The policy provides that the insured may at any time change the beneficiary by written notice to the insurer, and thereby terminate the former beneficiary's rights. It also provides that he may surrender it to the company for its cash surrender value.

On the bankrupt's behalf it is claimed that he is entitled to hold the policy by virtue of section 6 of the bankruptcy act, because "exempt" under the state laws in force at the time of his bankrutcy. The state laws relied on are Mass. Rev. Laws, c. 118, § 73, or Mass. Acts of 1907, c. 576, § 73, to the same effect. The facts are not disputed and have been presented in an agreed statement. The policy had a cash surrender value at the time of the bankruptcy. This has been ascertained and stated according to section 70a(5) of the bankruptcy act, the 30 days therein mentioned have expired, but the bankrupt has neither paid nor secured the cash surrender value to the trustee.

There is no claim that any of the premiums heretofore paid on the policy were paid in fraud of creditors.

If the policy is exempt under Massachusetts laws, the provisions of section 70a(5) of the bankruptcy act do not apply to it, and it is exempt under section 6. Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018. It was also held in the same case that, under a state law which exempted from all liability for any debt "the proceeds or avails of all life insurance," the following policies insuring the life of the bankrupt were exempt and did not pass to the trustee in bankruptcy: (1) A full-paid nonparticipating policy for $2,000, payable to the bankrupt's wife, or, if she did not survive him to his executors, administrators, or assigns, (2) a "semitontine" policy for $5,000, upon which all the agreed premiums had been paid, payable to the bankrupt's wife upon his death, or in case of her prior decease to his executors, administrators, or assigns, with the provision that upon the completion of a period of 20 years, not then expired, he or his assigns, if creditors, might surrender the policy and receive its full cash value, or a nonparticipating policy, payable to his wife, or to his executors, administrators, or assigns if she was not then living, or might. instead of taking either of these two courses, keep the policy in force, withdrawing in cash the surplus to its credit, or using the same to purchase additional insurance. Both the above policies were held within the broad terms of the state statute above quoted. This the court regarded as intended to give to the term "life insurance" a broad and popular meaning, and thus to provide an exemption wider in its scope than the exemption allowed by the legislation of other states upon the same subject. 198 U. S. 210, 25 Sup. Ct. 658, 49 L. Ed. 1018.

The exemption allowed in Massachusetts is expressed in the following terms:

"If a policy of insurance is effected by any person on his own life, or another life, in favor of a person other than himself having an insurable interest therein. the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same."

The above is followed later in the same section by this further provision:

"Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman, or to any person in trust for her or for her benefit. whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit, and to that of her children."

That these provisions are not to be construed as applying to the ordinary life insurance policy alone, but as including paid-up endowment policies as well, is settled by the decision of the Massachusetts Supreme Court in Bailey v. Wood, 202 Mass. 549, 89 N. E. 147. But it is also obvious that the Massachusetts provisions referred to are by no means so broad in their scope as those enacted by the state of Washington, which were under consideration in Holden v. Stratton,

above cited. To be exempt under the Massachusetts provisions, the policy must be in favor of a person other than the insured debtor, and it is only the "lawful beneficiary thereof other than himself or his legal representatives" who is entitled to the proceeds against his creditors.

Under this policy the bankrupt's wife is the lawful beneficiary thereof, but not without reserve, as in Bailey v. Wood, above cited, nor subject only to the contingency of her death before his, as in Holden v. Stratton, above cited. Her beneficial interest is subject to the further contingency of his living until after the expiration of the 20-year period, and also to the contingency of a change of the beneficiary by him within that period. It is only in case he dies before September 23, 1922, not having surrendered the policy or changed the beneficiary, and she survives him, that she is to receive anything under the policy. If he lives until after the date mentioned, she will have no rights under the policy. It will inure to his benefit, not hers. Before that time, he may, at his option, prevent the policy from inuring to her separate use and benefit and secure that use and benefit to himself or his legal representatives.

The mere fact that a policy contains a provision making it payable to a married woman, however that provision may be limited, or to whatever conditions it may be subjected, I am unable to regard as all that the statute requires for the purpose of exempting the policy. The statute is obviously intended to secure the result of preserving the benefit of the policy to her or her children, independently of the insured or his representatives. If the provision for payment to her is not adapted to secure this result, it can hardly be such a provision as the statute contemplates.

If the insured has retained rights in the policy at the time of his bankruptcy available to him or his representatives, these are rights which he could have transferred, and therefore rights passing to his trustee in bankruptcy under section 70a(5). In Blinn v. Dame, 207 Mass. 159, 93 N. E. 601, the Massachusetts Supreme Court held that the insured under a 20-year endowment policy, payable to him at the expiration of that period, or if he should die before its expiration, then to his children if they survived him, and which reserved to him the right to surrender the policy to the company at any time or to assign it, had rights under the policy which would pass under a general assignment by him of all his property, notwithstanding the provisions of the Massachusetts statutes which have been quoted, entitling the lawful beneficiary to the proceeds of a policy in favor of a person other than the insured himself. Had the beneficiary been his wife instead of his children, no reason appears for supposing that the decision would have been different. In a policy originally payable to her or for her benefit, a married woman's rights, so far as creditors are concerned, appear to be the same as those of any beneficiary other than the insured; though she is the only beneficiary protected against creditors when made such, not originally, but by subsequent assignment or transfer. Bailey v. Wood, 202 Mass. 562, 570, 89 N. E. 149.

In view of the construction of the Massachusetts statute which was

adopted in Blinn v. Dame by the highest court of the state. I must hold that the policy here in question is not within the statutory exemption. Decisions in bankruptcy in other jurisdictions have been cited, in which, upon facts somewhat similar, a different result has been reached. In most, if not all, of these cases, the statutory exemption relied on has been more liberal in its terms. than that provided under the laws of Massachusetts. In none of the cases referred to had the state law involved been construed by the highest court of the state, as in Blinn v. Dame.

It appears by the agreed statement that four premiums becoming due under the policy were paid with money provided by the bankrupt's wife. But, in view of the other facts agreed, I see no way in which this fact can be regarded as material.

I must therefore reverse the order made by the referee and direct that the policy in question be surrendered to the trustee according to his petition.