## In re YOUNG.

(District Court, N. D. Ohio, E. D.   October 2, 1912.)

No. 4,135.

1. BANKRUPTCY (§ 143*)—ASSETS—INSURANCE.

A policy on a bankrupt's life for the benefit of his children or their executors, etc., contained no right to change the beneficiary, and as to surrender values provided that at the end of ten years or at the end of each period of five years thereafter the company would pay to the persons designated a cash value only on surrender and release thereof by such person or persons within 30 days after the end of such period. The policy was issued April 3, 1895, and at the time bankruptcy intervened there would be no right to surrender until April 3, 1915. *Held*, that such policy was not controlled by Gen. Code Ohio, § 9398, providing that policies of life insurance made payable to a married woman or any person in trust for her or for her benefit, etc., shall inure to her benefit, but was nevertheless not such a policy as would pass insured's contingent interest therein to his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224;  Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 143*)—ASSETS—LIFE INSURANCE POLICY—INSTALLMENT ENDOWMENT.

A policy on the bankrupt's life, providing that at the expiration of 20 years there should be paid to the insured or his assigns $250 annually until 20 installments had been paid, or at his election such deferred installments would be commuted and paid in one stipulated sum, but that if he should die within the 20-year period the installments should be paid to his widow or their stipulated commuted sum might be paid on the written request of insured and his beneficiary, the right to change the beneficiary being reserved to him, was a speculative endowment policy solely for the bankrupt's benefit and passed to his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224;  Dec. Dig. § 143.*]

3. BANKRUPTCY (§ 143*)—ASSETS—LIFE INSURANCE POLICIES—EXEMPTIONS.

Gen. Code Ohio, § 9398, exempts policies of insurance payable to a married woman or to any person in trust for her or for her benefit. Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), declares that the act shall not affect the allowance of exemptions to bankrupts prescribed by state laws in force at the time of the filing of the petition, and section 70 (30 Stat. 565 [U. S. Comp. St. 1901, p. 3541]) provides that when any bankrupt shall have any insurance policy which has a cash surrender value it shall be surrendered to the trustee, or unless he shall pay or secure such surrender value for the benefit of his creditors. *Held*, that the policies, having a cash surrender value payable to the bankrupt's wife whether he had the right to change the beneficiary or not, were exempt and not assets passing to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224;  Dec. Dig. § 143.*]

In the matter of bankruptcy proceedings of A. S. Young. Petition for William H. Vodrey, as trustee, to sell at private sale the right of the bankrupt in certain policies of insurance. Granted in part.

J. H. Sampliner, of Cleveland, Ohio, for petitioning creditors.
Brookes & Thompson, of E. Liverpool, Ohio, for bankrupt.
W. B. Hill, of E. Liverpool, Ohio, for trustee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KILLITS, District Judge. The matter before us is the petition of William H. Vodrey, trustee of the bankrupt, to be allowed to sell at private sale the right of the bankrupt in ten policies of insurance upon his life, against the claim of the bankrupt and his wife, Ella S. Young, that neither of said policies are in any way a part of the bankrupt's estate. The petition has been referred to us for decision by the referee, who advises that it be allowed as to all of the policies with the exception of one in the amount of $5,000, in force for 16 years, which has apparently no cash surrender value and in which the insured does not retain the right to change the beneficiary, who is his wife.

With the exception of a policy for $3,000, payable to the children of the bankrupt, which must be separately treated, a consideration of the remaining policies demands a construction of section 9398 of the General Code of Ohio, which reads:

"A policy of insurance on the life of any person, duly assigned, transferred, or made payable to a married woman, or to any person in trust for her or for her benefit, whether such transfer is made by her husband or other person, shall inure to her benefit, and that of her children, independently of her husband or his creditors, or of the person effecting or transferring the policy or his creditors."

This statute, as far as we are able to ascertain, has received no construction by the courts of Ohio.

The situation, of course, also demands that this state statute be weighed in connection with sections 6 and 70a of the Bankruptcy Law, which two sections in their pertinent parts read as follows:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile." Section 6.

"Provided, that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets." Section 70a.

Since the decision of Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, there is no longer a question that the paragraph quoted from section 70a qualifies or limits the terms of section 6 of the Bankruptcy Act. It is the holding of the court, in substance, that section 70a deals only with policies of insurance which are not exempt under the state law, and the question simplifies itself to be whether, under a proper construction of the state statute quoted, the policies now to be considered are exempt.

The nine policies under consideration fall into four classes:

(1) Those which are made payable to Ella S. Young, insured's wife, wherein the bankrupt expressly retains the right to change the beneficiary at any time without her consent, and is granted the right to receive at his sole option at any time the stipulated surrender value. Of these there are three.

(2) The second class embraces four policies, each having a cash surrender value at certain periods which may be taken by the insured

without the consent of the beneficiary. No right to the insured is reserved to change the beneficiary.

(3) In the third class is a policy in the Northwestern Mutual Life Insurance Company, termed by the company an "installment endowment," which provides that, in consideration of the annual premium to be paid for a period of 20 years, at the expiration of such term there will be paid to the insured or his assigns the sum of $250 yearly until 20 installments have been paid, or at his election such deferred installments will be commuted and paid to him in one stipulated sum, but that if he should die within the 20-year period these 20 annual installments shall be paid to the bankrupt's wife, Ella S. Young, or their stipulated commuted sum may be paid upon the written request of the insured and his beneficiary. The right is also expressly reserved to the insured to change the beneficiary at any time during the continuance of the policy. This policy has been in force for about 15 years.

(4) The fourth class embraces a policy in the sum of $3,000 of the nature known as a 20-payment life, which has continued for about 17 years, in which the beneficiaries are "the children of said insured equally, or their executors, administrators or assigns." No right to change beneficiary has been reserved to the insured, and as to surrender values the provision is as follows:

"At the end of ten years from the date above written or at the end of each period of five years thereafter, * * * this company will pay to the person or persons thereunto designated in the aforesaid application a cash value therefor * * * only upon surrender and release hereof by such person or persons within thirty days after the end of such period."

In the application the insured designated himself as the person to whom the surrender value should be paid in his lifetime.

[1] It is plain that the policy last referred to is not controlled by the state statute above quoted, nor by any other statute of the state, except that by law (section 9393, Code Ohio) the insurable interest of bankrupt's children is recognized. The only ground for requiring this policy to be considered as part of the bankrupt's estate, to be administered upon in behalf of his creditors, is the limited right given him in the terms quoted above to surrender the policy and receive the stipulated value, and the question before us is whether that option is one which he may be compelled to exercise or which he might assign to be exercised by some one else.

The precise question arose in the case of Townsend's Assignee v. Townsend, 127 Ky. 230, 105 S. W. 937, 16 L. R. A. (N. S.) 316, except that in that case was involved a particular statute of Kentucky (Ky. St. § 655) which we do not consider essential to the determination. Speaking of a somewhat similar option enjoyed by the insured, the court says that it is such an estate as "under a general deed of assignment will not pass by law to the assignee for creditors. The interest is remotely contingent and incapable of being valued. It is so woven in with other considerations, such as his conception of duty to his children and the exercise of judgment in their behalf and in his own, that there can be no certain way of estimating the value of that interest or the disposing of it without destroying or injuring other interests under

the policy which are primary to those of the insured. The option is baldly to let his children have this provision for their future support or to take it himself. Whether he should take it himself involves the exercise of judgment, discretion, and his own conception of duty. No one else has the right to exercise it for him nor against the children. No one else could be actuated by the same impulse."

The policy in question was issued April 3, 1895. By the terms quoted above, only within 30 days after April 3, 1910, the insured could have surrendered the policy and taken its surrender value. By its terms it has at this time no surrender value, nor did it have any at the time of the application of the trustee, February 9, 1912, for an order of sale. Only during the 30 days succeeding April 3, 1915, may this option be exercised next again by the insured. Without the provisions just quoted, the policy would be an ordinary life policy, in which case nothing would pass to the trustee. Remington on Bankruptcy, § 1004.

It would seem that good policy is opposed to the sacrifice of the interests of insured's children and to the control of the insured's option, which depends upon the pull of natural affections for its exercise and which can be exercised only at a period quite remote from the orderly administration of this estate to put this policy to sale for whatever sum the contingent interest of the estate, if any there is, might bring. Under a strict reading of section 70a, which we have quoted, it is open to grave doubt whether this policy is within the statute.

Without the consent of the children at this time the company issuing the policy can pay no surrender value, nor is there any method whereby under the contract the value at this time may be ascertained. By no process can the insured be compelled to exercise at this time an option that is not open to him for three years, nor can the company be compelled to pay any amount upon the policy. One who would attempt to buy the assumed rights of the insured or of the estate under this policy must take into consideration the contingency that all his interest may be lost by the death of the insured prior to April 3, 1915, and he must burden himself with the necessity of moving immediately after that date to the exercise of the option, which then only otherwise is conferred upon the insured. These considerations suggest to the court that the estate has no salable interest in this policy and that the petition of the trustee to that end should be denied.

[2] The policy put by the court in the third class, in our judgment, passes to the trustee. It is such a policy as that considered by the court in Re Herr (D. C.) 182 Fed. 716, 25 Am. Bankr. Rep. 142, and In re Loveland (D. C.) 192 Fed. 1005.

In the Herr Case the court say:

"While the wife, as it stands, is the contingent beneficiary, the policy is under the complete control of the bankrupt, and he may change the situation at any moment, and realize upon it, without regard to her, either giving it up and getting the surrender value, or continuing it with a newly designated beneficiary, just as he may choose."

In fact, this is only contingently a life insurance policy at all. It is purely a speculative endowment, an investment for the sole benefit of the bankrupt, provided he survives the limited period of the

policy, which is well within his expectancy of life. To permit this sort of contract to be exempt from application upon bankrupt's debts under the assumed application of the section of the Ohio statute which we have quoted above would be, it seems to us, to open a wide avenue for, if not a concealed fraud upon, his creditors, at least an improvident disposition of his income to their injury and his benefit. We are content to sustain the referee's recommendation and to direct the sale of this policy on the application of the trustee on the authorities just cited.

[3] The trustee justifies his recommendation that the remaining seven policies in classes 1 and 2 be ordered sold, upon the authority of In re Loveland, supra, where the exact point, so far as policies of class 1 are concerned, has been decided. This case was decided with reference to the Massachusetts law, which provides that:

"Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person, shall inure to her separate use and benefit, and to that of her children."

This statute is not vitally different in the particulars under consideration from that of Ohio the application of which we are considering; but the District Court of the United States for Massachusetts, in so deciding this case upon its facts, is at variance with the great current of authority and is supported by no other decision to which we have been cited, the case of In re Herr, as we have observed, being upon facts comparable to the policy which we have put in class 3 rather than those in class 1.

The exact question involved as to these seven remaining policies, as to whether or not they are exempt under provisions similar to those of Ohio, has been frequently passed upon. The cases on this subject are: In re Orear, 189 Fed. 888, 111 C. C. A. 150, 26 Am. Bankr. Rep. 521, a decision by the Circuit Court of Appeals of the Eighth Circuit, construing a statute of Missouri; In re Booss (D. C.) 154 Fed. 494, 18 Am. Bankr. Rep. 658, construing a statute of Pennsylvania; In re Pfaffinger (D. C.) 164 Fed. 526, 21 Am. Bankr. Rep. 255, construing a statute of Kentucky; In re Whelpley (D. C.) 169 Fed. 1019, 22 Am. Bankr. Rep. 433, construing a statute of New Hampshire—the provisions of which several statutes are substantially identical with those of Ohio and in each of which cases the policies under consideration were similar to those in class 1 in the case at bar; and In re Johnson (D. C.) 176 Fed. 591, construing a similar statute of Minnesota with reference to a policy similar to those in class 2. These authorities are all adverse to the decision of the District Court of Massachusetts (192 Fed. supra) upon which the referee relies, and control us in a construction of the Ohio statute, which reserves the interest of the beneficiary in these seven policies and holds them as exempt thereunder from administration in behalf of the bankrupt's estate.

It is to be observed that the conditions of the policies embraced in class 1 make a stronger case for the trustee's application than those attached to the policies embraced in class 2, and that the authorities

exempting the policies in the first class are a fortiori applicable to those in the second class. In Re Orear, supra, the court says:

"The primary purposes of such policies is still to insure against death and usually for the benefit of those dependent upon the insured, and when a modern policy is made, as in this case, payable upon the death of the insured to his wife by name as beneficiary, the fact that the insured may have the right to change the beneficiary or enjoy certain collateral rights in his lifetime does not make it any the less a policy of insurance made by an insurance company expressly for the benefit of the wife of the insured within the meaning of the statute in question. * * * The property is not only exempt, but never passed to him (the trustee) and is not his. The statute, while in the nature of an exemption law, is more than that; it declares that this property shall inure to the separate benefit of the wife. Ordinary exemption laws leave the full right and title to the property in the debtor. This law declares that this policy shall inure to the separate benefit of the wife of Jacob W. Derr."

This language is equally applicable to the conditions in this case, having reference to the terms of the Ohio statute, which provides that a policy of insurance made payable to a married woman "shall inure to her benefit and that of her children independently of her husband or his creditors or of the person effecting or transferring the policy or his creditors." To grant the request of the trustee is to absolutely extinguish all interest of the beneficiary in these contracts; it is to wipe out all provision that the bankrupt has made for his wife and family. If that may be done, then section 9398, General Code of Ohio, and section 6 of the Bankruptcy Law are to no purpose.

An order may be entered in this case granting the right of sale to the trustee of the estate's interest in the policy issued January 14, 1897, by the Northwestern Mutual Life Insurance Company, No. 361,-713, and denying the application as to each of the others.