In re LOVELAND.

(Circuit Court of Appeals, First Circuit.   November 13, 1912.)

No. 988 (Original).

BANKRUPTCY (§ 143*)—INSURANCE POLICY—PROCEEDINGS TO COMPEL SURRENDER—RIGHTS OF THIRD PERSON—POSSESSION.

    Where in summary proceedings against a bankrupt to compel the surrender of a life insurance policy payable to his wife as beneficiary, it appeared that she had paid certain of the premiums from her own earnings and had the policy in her possession pending an equitable lien arising out of the payment of such premiums, it was error to require the bankrupt to surrender the policy or to do more than require him to assign in writing all his rights under the policy.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

Petition to Revise Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

Petition by Edward L. Loveland to revise in matter of law the proceedings (192 Fed. 1005) culminating in a summary order requiring him to surrender to his trustee in bankruptcy a policy of life insurance.   Reversed and remanded.

Albert S. Woodman, of Portland, Me. (Woodman & Whitehouse and Robert T. Whitehouse, all of Portland, Me., and Wilfrid J. Gaffney, of Boston, Mass., on the brief), for petitioner.

Linus C. Coggan, of Boston, Mass. (George L. Dillaway and Coggan & Coggan, all of Boston, Mass., on the brief), for respondent.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge.   This is a petition to revise in matter of law the proceedings of the District Court which led to the entry of the following order:

    "It is hereby ordered and decreed that the order of the referee, denying the petition of the trustee that the bankrupt surrender to him a certain policy of life insurance, be, and it hereby is, reversed, and that the bankrupt surrender said policy to the trustee."

The case proceeded both before the referee and the District Court upon an agreed statement of facts, which showed that the bankrupt, Loveland, had taken out a life insurance policy for $2,000 on the endowment plan; that the premiums had been paid to September 11, 1911; that the cash surrender value of the policy on March 31, 1911,

the date of filing the petition in bankruptcy, deducting certain loans made thereon, was $269.04; that the bankrupt was notified of the ascertainment of the surrender value, and demand was made upon him by the trustee for the redemption of said policy upon payment of said surrender value. The agreed statement of facts contains the following:

"The bankrupt has not offered to redeem said policy, but claims the same to be exempt under the statute of Massachusetts. Subject to the objection of the trustee to its materiality, the following statement of Grace L. Loveland, wife of the assured and beneficiary named in the policy, was admitted in evidence. Mrs. Loveland has had possession of the policy from the beginning. She and her husband, the bankrupt, have both worked and turned in their earnings for the support of the family, without keeping any separate account or record of the same, and her average earnings since the taking out of the policy have been from $9 to $10 per week; that the bankrupt paid the first two premiums on the policy; that Mrs. Loveland, out of the money earned by her, paid four premiums on the policy, to wit, in 1904, 1905, 1907, and 1909, she turning over the money to her husband, the bankrupt, who personally paid the premiums; that the last two premiums and the premium of 1908 were paid out of the loans upon the policy itself; that out of the loans upon the policy $150 went for family expenses and bills."

It is claimed that, in the absence of an allegation in the petition that the policy was in the possession of or under the control of the bankrupt, the District Court had no jurisdiction to enter a summary order requiring the bankrupt to surrender the policy to the trustee.

It is also contended for the present petitioner that, if title to the policy passed to the trustee, it passed subject to an equitable lien in favor of the bankrupt's wife for the amount of premiums paid out of her own property, to which lien the bankruptcy court must give full force and effect. In support of this contention many authorities are cited. We are of the opinion, however, that the questions concerning the rights of the bankrupt's wife to retain this policy or to claim a lien thereon, or upon its surrender value to the amount of advances made by her out of her own funds, cannot properly be considered by this court upon this proceeding against the bankrupt.

It appears that Mrs. Loveland has had possession of the policy from the beginning, and has paid out of money earned by her four premiums on the policy, in 1904, 1905, 1907, and 1909. We are unable to disregard this statement of fact; nor is there any ground upon which this court may draw an inference, as suggested upon the brief of the trustee, that the policy as a document is now in the control of the bankrupt.

Though it appears by the opinion of the referee and of the District Court that the principal contention on the bankrupt's behalf was that the policy was exempt by virtue of section 6 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) and of the state law of Massachusetts, yet it cannot be said upon this record that the bankrupt waived the point that the policy was in the wife's possession. In fact, in the opinion of the District Court, it is said:

"It appears by the agreed statement that four premiums becoming due under the policy were paid with money provided by the bankrupt's wife.

But in view of the other facts agreed I see no way in which this fact can be regarded as material."

While it is true that this shows no specific contention that the bankrupt was prevented from surrendering the policy by his wife's possession, it also seems true that the wife's payment of premiums was urged as a reason for the denial of the surrender of the policy. We think there is enough in the statement of facts, however, to show that the policy in question is in the possession of a person who claims an interest in it, which is inconsistent with the contention that its surrender value is assets of the estate.

This raises questions which can be adjudicated only between the trustee in bankruptcy and the bankrupt's wife.

Under these circumstances, we think that a summary order upon the bankrupt to surrender the policy, at the risk of contempt proceedings, should he decline, might act as an undue compulsion upon the wife to surrender a document, the possession of which might be of advantage to her in the independent assertion of her rights thereunder, or of an equitable lien arising from the payment of premiums.

The numerous cases cited in the brief for the bankrupt show at least that there is a strong argument to be made in favor of the contention that the full surrender value of this policy is not assets of the bankrupt's estate, but is subject to an equitable charge in favor of the wife for the amount of the premiums advanced. Under the circumstances, we think that an order upon the bankrupt should not require him to surrender the policy, but should at most require him to assign, in writing, if that be necessary to aid the trustee in the assertion of such rights as he may have, all the bankrupt's rights under the policy. This, we think, is as far as the District Court can properly go in view of the agreed statement of facts. As it is not clear that the present contention concerning the wife's possession was brought specifically to the attention of the District Court in the manner in which it has been brought to our attention, we make no order as to costs on this petition, and reserve to the District Court the right, in its discretion, to make further investigation as to said contention.

Let there be a decree reversing the decree of the District Court, and remanding the case to that court, with leave to consider an application to enter a further order, limited as suggested by our opinion passed down November 13, 1912, or for further investigation as that court may direct, without prejudice to other independent proceedings.