## In re HAMMELLS.

(District Court, D. Arizona, Phœnix Division. May 22, 1925.)

1. **Bankruptcy** ⬅️⟹143(12)—Life insurance policy where beneficiary may be changed by bankrupt passes to trustee.

The beneficiary named in a life insurance policy, which gives the insured the right to change the beneficiary at will, has no vested interest therein, and on the bankruptcy of the insured the policy passes to his trustee, unless exempt under the laws of the state.

2. **Bankruptcy** ⬅️⟹396(3)—Policy of insurance held not exempt under law of Arizona.

Civ. Code Ariz. 1913, par. 3302, exempting from legal process "all moneys received by or payable to a surviving wife or child upon the life of a deceased husband or father, not exceeding $10,000," *held* not to exempt the cash surrender value of a policy on the life of a bankrupt in which his wife is named as beneficiary, but which provides that insured may change the beneficiary at will.

In Bankruptcy. In the matter of Henry A. Hammells, bankrupt. On review of order of referee. Affirmed.

Kibbey, Bennett, Gust, Smith & Lyman, of Phœnix, Ariz., for petitioner.

Walter J. Thalheimer, of Phœnix, Ariz., for trustee.

JACOBS, District Judge. This is a bankrupt's petition for review of an order of the referee in bankruptcy involving the question of exemption of the cash surrender value of an insurance policy on the life of the bankrupt.

The facts are as follows: Henry A. Hammells was on the 2d day of February, 1925, adjudged a bankrupt in this court. At the time of the adjudication, the bankrupt had a certain policy of insurance issued on December 1, 1921, by the Pacific Mutual Life Insurance Company of California on the life of the bankrupt in the amount of $5,000, payable to Mable S. Hammells, his wife, on proof of the death of said bankrupt.

The policy provides that the insured may, while the policy is in force, designate a new beneficiary, and that should there be no beneficiary living at the time the policy becomes a claim by death, the proceeds thereof shall be paid to the executors, administrators, or assigns of the deceased. There has been no assignment of the policy by the bankrupt and no change of beneficiary by him. The premiums had been paid by the bankrupt maintaining the policy in force to and including March 1, 1925. The cash surrender or loan value of the policy on February 4, 1925, the date of the filing of the petition in bankruptcy, was about $335.

On March 5, 1925, the trustee in bankruptcy filed with the referee his report of exempted property, and, among other things, therein provided: "Exemption claim of Pacific Mutual Life Insurance No. 443160 payable to Mable S. Hammells, wife of bankrupt, disallowed to the extent of the cash surrender value of said policy." On March 19, 1925, the bankrupt filed with the referee his exceptions to the trustee's report of exempted property, and on March 20, 1925, after hearing had on said exceptions, the referee made his order overruling the bankrupt's exceptions to the trustee's report of exempted property and ordered that the cash surrender value of said insurance policy be collected by the trustee from the insurance company; the same not being exempt under the statutes of Arizona.

On April 2, 1925, the bankrupt filed with the referee his petition for review of the order. On April 4, 1925, a stipulation as to the facts was filed, and on April 15, 1925, the referee forwarded to this court the record for review.

[1] In order for the court to determine the question of exemption of the cash surrender value of this policy of insurance, it is necessary to first consider the interest of the beneficiary in the policy, if any, and the interest of the insured at the time of adjudication.

One of the provisions of the policy is "that the insured may, while the policy is in force, designate a new beneficiary." In passing

upon a policy containing a similar provision, the Circuit Court of Appeals, Second Circuit, in Greenberg's Case, 271 F. 259, 20 A. L. R. 253, held that the beneficiary of a life insurance policy, who may at any time be removed from the benefited position by the insured and against the beneficiary's will, cannot have a vested interest. In the case of Reid v. Durboraw (C. C. A.) 272 F. 99, it is held: "It is true that one named as beneficiary has no vested interest and is not entitled to notice of change; that the right to change a beneficiary is a property right of the assured, which in the case of insolvency the court can require him to exercise in favor of his creditors," citing Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143.

In the case of Cohen v. Samuels, the Supreme Court, in passing upon subdivision 3 of section 70a of the Bankrupt Act (Comp. St. § 9654), held: "The declaration of subdivision 3 is that 'powers which he might have exercised for his own benefit * * * shall in turn be vested' in the trustee, and there is vested in him as well all property that the bankrupt could transfer or which by judicial process could be subjected to his debts, and especially as to insurance policies which have a cash surrender value payable to himself, his estate or personal representative. It is true the policies in question here are not so payable, but they can be or could have been so payable at his own will and by simple declaration. Under such conditions to hold that there was nothing of property to vest in a trustee would be to make an insurance policy a shelter for valuable assets and, it might be, a refuge for fraud."

It is therefore well settled that under a policy of this character, the beneficiary has no vested interest in the proceeds of the policy; that the insured is the owner of the cash surrender value, with the sole power of disposition of the same by assignment; that immediately upon the insured being adjudged a bankrupt, the policy and its cash surrender value passes to the trustee for the benefit of his creditors, unless the same is exempt under the state law.

[2] Is the cash surrender value of such a policy exempt under the Arizona statute?

The Supreme Court of Arizona has never passed upon this question, and, as it frequently arises in bankruptcy proceedings in this district, I deem it advisable to express an opinion upon the subject.

Paragraph 3302 of the Civil Code of Arizona, Statutes of 1913, provides as follows: "The following property shall be exempt from execution, attachment or sale on any process issued from any court:" Subdivision 15: "All moneys received by or payable to a surviving wife or child upon the life of a deceased husband or father, not exceeding ten thousand dollars."

It will be seen that the exemption created by the statute is "all moneys received by or payable to a surviving wife or child upon the life of a deceased husband or father."

In the case of Hill v. Safe Deposit & Trust Co., 101 Md. 60, 63, 60 A. 446, 447 (4 Ann. Cas. 577), it is held: "In its ordinary as well as its legal signification, the word 'survivor' means one who outlives another; one of two or more persons who lives after the other or others have died."

The proceeds of the policy would not be payable to the wife until she became the "surviving wife," and she could only become the surviving wife upon the death of her husband.

This policy contains what is commonly called "change of beneficiary" clause. Under such a clause, the insured may, at any time before death, designate another beneficiary, in which event, upon the death of the husband, there would be no money "payable to the surviving wife upon the life of a deceased husband" as contemplated by the statute.

I am therefore of the opinion that the cash surrender value of this policy in which the wife has no vested interest during the life of the husband, and over which she has no control, which may be transferred or assigned by the husband, or is payable to him upon a surrender of the policy, is not money "payable to the wife upon the life of a deceased husband" within the meaning of the statute. To hold that it was would be reading something into the statute that was not intended to be included by the Legislature.

The order of the referee is affirmed.