### In re BENDALL.

District Court, E. D. Michigan, N. D. November 13, 1928.

No. 1845.

Oscar W. Baker, of Bay City, Mich., for trustee in bankruptcy.

A. H. McMillan, of Bay City, Mich., for bankrupt.

TUTTLE, District Judge. This cause is before the court on a petition of the bankrupt to review an order of one of the referees in bankruptcy which required said bankrupt to deliver to the trustee in bankruptcy herein two certain life insurance policies on the life of the bankrupt, payable to his wife, but reserving to the insured the right to change the beneficiary thereunder, each of said policies having a cash surrender value payable to said bankrupt.

The sole question involved is whether the proceeds of the insurance policies mentioned, including the present cash value thereof, are exempt by law from liability to the creditors of the bankrupt, so that the trustee in bankruptcy for his estate is not entitled thereto; in other words, whether

the bankrupt or the trustee has the title and right of possession to such insurance policies and their proceeds.

Section 70a of the Bankruptcy Act contains the following provision:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: Provided, That when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets." 11 USCA § 110(a).

Section 6a of the Bankruptcy Act provides as follows:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicil for the six months or the greater portion thereof immediately preceding the filing of the petition." 11 USCA § 24.

Act No. 70 of the Public Acts of Michigan of 1927 provides that:

"The proceeds of any policy of life or endowment insurance, which is payable to the wife, husband or children of the insured, including the cash value thereof, shall be exempt from execution or liability to any creditor of the insured."

Although there has been some doubt and conflict in the authorities as to the construction and application of the sections of the Bankruptcy Act just quoted, and as to their effect upon exemption statutes of various states, more or less similar to the Michigan statutory provision just referred to, all such doubt and conflict have been removed, at least so far as this court is concerned, by the decision of the United States Supreme Court in the case of Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656; 49 L. Ed. 1018, and by the decision of the Circuit Court of Appeals for this circuit in the case of In re Weick, 2 F.(2d) 647, by which decisions it must now be regarded as settled law that under these provisions of the Bankruptcy Act, as applied to bankruptcy proceedings in a state having such a statute as the Michigan statute hereinbefore quoted, the proceeds of insurance policies, including the cash surrender value thereof, such as those involved in the present case, are exempt from execution or liability to creditors of the insured bankrupt, and such bankrupt, and not the trustee of his estate in bankruptcy, is entitled to such policies and proceeds.

It follows that the referee erred in making the order here complained of, and that such order must be, and it hereby is, set aside, and the matter is remanded to the referee for further proceedings in conformity with the terms of this opinion. An order to that effect may be entered.