## In re ERSTINE.
### No. 3424.

District Court, E. D. Arkansas, W. D.
June 23, 1930.

Buzbee, Pugh & Harrison, of Little Rock, Ark., and George C. Lewis, of Stuttgart, Ark., for petitioners.

Sam Rorex, of Russellville, Ark., for trustee.

MARTINEAU, District Judge.

The facts in this case are undisputed. Frank E. Erstine, a citizen and resident of Arkansas, was duly declared a bankrupt. Mae E. Erstine is his wife. In April, 1918, at the instance and suggestion of his wife, two life insurance policies were issued upon his life, each for the sum of $5,000, with his wife as beneficiary. At the time he was adjudicated a bankrupt his wife was still the beneficiary. The annual premium upon the two policies was $228.40. In January, 1930, when Erstine was adjudicated a bankrupt the policies had an undetermined cash surrender value. The trustee filed a petition for an order requiring the bankrupt to turn over said policies to him or pay their cash surrender value. In response to an order to show cause why the policies should not be surrendered, Erstine and his wife asked that the policies be declared exempt under section 5579 of Crawford & Moses Digest of the Statutes of Arkansas. This request was denied by the referee, and the case is now here on a petition to review his order.

In the decision of the Supreme Court of the United States in Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018, it is held that policies of life insurance, which are exempt under the laws of the state of the bankrupt, are exempt under our bankruptcy statute and that section 70a of the Bankruptcy Act does not apply to such policies. The decisions in Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143, and Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352, are not in conflict with this earlier decision, because in the two latter cases the question of exemptions under state statutes was not involved. In both of these cases the only question decided was that a policy of insurance held by the bankrupt, which has a cash surrender value at the time of the adjudication, becomes an asset, to the extent of such value, in the trustee, under section 70a of the Bankruptcy Act (11 USCA § 110(a), even when the policy is payable to a beneficiary other than the bankrupt, his estate or personal representatives, if the bankrupt has reserved absolute power to change the beneficiary. The question of exemptions under state statutes was neither involved nor discussed in the Supreme Court decisions. This appears clearly from an examination of the decisions of the Circuit Courts of Appeals. The decisions in these cases were based upon the theory that, where the question of exemptions was not involved, although the beneficiary was one other than the bankrupt, where he had absolute power to change the beneficiary, the policy constituted an asset which belonged to the trustee. The Stratton Case, supra, was followed by the Circuit Court of Appeals for this circuit in Ralph v. Cox, 1 F.(2d) 435.

Both of these cases held that the matter of exemptions, by the Bankruptcy Act, is left to state laws, and that, in determining what those laws are, federal courts are governed by the construction of state statutes by the highest court of the state. In the absence of a decision by the highest court of the state construing its statutes upon the subject of exemptions, the federal courts will place their own construction upon them.

If then the Supreme Court of Arkansas has construed section 5579 of Crawford & Moses Digest of the Statutes of Arkansas, as

an exemption statute, the federal courts will be bound by that construction.

While the precise question of exemptions may not have been involved in Davis, State Bank Commissioner, v. Cramer, 133 Ark. 224, 231, 202 S. W. 239, 241, the Supreme Court, in discussing section 5579, said: "It is the obvious purpose of this statute to exempt from the claims of the creditors out of the estate of the husband and father a sum not exceeding $300 to pay insurance premiums on policies issued on his life for the benefit of his wife and children. Under the strict letter of this statute it could not apply to the facts of this record. But exemption statutes are always given a liberal construction with a view of effectuating the liberal purpose of the Legislature in enacting them, and the strict letter is never adhered to where it results in killing the spirit of the law. Our own court has adopted the rule of giving such statutes a very liberal construction." This language of the Arkansas Supreme Court clearly classifies this statute as an exemption statute, and that construction, under the decisions of the federal courts above referred to, is binding in this case.

■ It would be a narrow construction of the Arkansas statute to say that the exemption applied only to the fund realized by the death of the insured and not to the cash surrender value of the policy of insurance where creditors seek to have its value applied to the payment of their debts, prior to the death of the husband.

The petition for review is granted.