## In re WEICK.

## In re JONES.

(Circuit Court of Appeals, Sixth Circuit. December 5, 1924.)

No. 4059.

1. **Bankruptcy** ⟨⟩**396(3)—Life insurance policy payable to bankrupt's wife held exempt notwithstanding provision for change of beneficiary.**

Under Gen. Code Ohio, § 9394, making certain life insurance policies exempt from claims of creditors, and under Bankruptcy Act, § 6 (Comp. St. § 9590), policy in which bankrupt's wife was beneficiary *held* exempt, and title to cash surrender value thereof did not vest in trustee under section 70a (Comp. St. § 9654), notwithstanding provision for change of beneficiary.

2. **Bankruptcy** ⟨⟩**396(3)—Endowment life insurance policy payable to bankrupt's wife held exempt.**

Under Gen. Code Ohio, § 9394, an endowment life insurance policy payable to bankrupt's beneficiary was exempt, notwithstanding the endowment clause, where endowment term would not expire until 1958.

Petition to Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Petition by Paul C. Weick, trustee in bankruptcy for Morton G. Jones, bankrupt, to revise an order of the District Court holding exempt policies of insurance in which bankrupt's wife was beneficiary. Order affirmed.

Paul C. Weick and J. Fred Smith, both of Akron, Ohio (Waters, Andress, Southworth, Wise & Maxon and Commins, Brouse, Englebeck & McDowell, all of Akron, Ohio, on the brief), for petitioner.

Merle E. Rudy, of Akron, Ohio, for defendant in error.

Before DENISON, MACK, and DONA-HUE, Circuit Judges.

DONAHUE, Circuit Judge. The sole question presented in this proceeding is whether two policies of insurance on the life of the bankrupt whose wife is named as beneficiary passed to the trustee or are exempt from the claims of creditors under the statutes of Ohio. It is admitted that the cash surrender or loan value of one of these policies, issued by the Northwestern Mutual Life Insurance Company, was at the date of bankruptcy $387.79, and that the other policy, issued by the Bankers' Life Company of Des Moines, had a cash surrender value at that time of $207.40, and both are subject to a change of beneficiary by the insured without the consent of the present beneficiary.

Section 70a of the Bankruptcy Act (Comp. St. § 9654) provides, among other things, that title shall vest in the trustee by operation of law in all property which prior to the filing of the petition the bankrupt could by any means have transferred, or which might have been levied upon and sold under judicial process against him, provided that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate or personal representatives, he may within 30 days after the cash surrender value has been ascertained and stated to the trustee by the company issuing same, pay or secure to the trustee the sum so ascertained and stated and continue to hold, own, and carry such policy free from the claim of the creditors participating in the distribution of his estate.

Under the provision of this section the title to these policies would pass to the trustee subject to the bankrupt's right of redemption by payment to the trustee of their cash surrender value, but it is further provided by section 6 of the Bankruptcy Act that "This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

This case therefore does not involve the construction of section 70a of the Bankruptcy Act, which was the only question in Cohen, Trustee, v. Samuels, 245 U. S. 50, 52, 38 S. Ct. 36, 62 L. Ed. 143. Nor is the case of Cohn v. Malone, Trustee of Cohn, Bankrupt, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352, applicable to the questions here involved, for the reason that in that case the Supreme Court was required to construe section 2498, Georgia Code 1910, which is wholly different from the Ohio statute.

In Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, the Supreme Court held that, independently of the state exemption laws, no interest was acquired by a trustee of a bankrupt in life insurance policy except on the conditions and to the extent provided in section 70a of the Bankruptcy Act.

The disposition of this case therefore depends solely upon the proper construction of section 9394, General Code of Ohio, which provides: "All policies of life insurance upon the life of any person, which may hereafter mature, and which have been or shall be taken out for the benefit of, or bona fide assigned to the wife or children, or any relative dependent upon such person, or any creditor, shall be held subject to a change of beneficiary if desired, for the benefit of such wife or children, or other relative or creditor, free and clear from all claims of the creditors of such insured person; and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt or debts of such insured person."

This section of the Ohio Code, in so far as we are informed, has not been construed by the Ohio Supreme Court with reference to its application to a state of facts such as is presented in this case; nevertheless, the courts of Ohio, for the purpose of maintaining the home and, in so far as possible, preventing pauperism and illiteracy, have uniformly given a liberal construction to all exemption statutes for the benefit of the debtor's family.

In Lytle v. Baldinger, 84 Ohio St. 1, 95 N. E. 389, Ann. Cas. 1912B, 894, it was held that proceeds of policies on the life of the husband transferred to his wife and children were exempt from creditors and that the only remedy of creditors was under section 9395 of the General Code of Ohio for premiums paid in fraud of creditors. In that case, however, the policies had become vested in the wife and children by the death of the insured.

The language used in section 9394 is not free from ambiguity, yet the development of that statute from its original form (Swan and Critchfield, vol. 1, p. 737) affords some aid in determining the meaning and intent of the lawmaking body. The amendment of the Swan and Critchfield statute (45 Ohio Laws, 43) became section 3628 of the Re-

vised Statutes of Ohio. A review of the earlier forms of this statute would not be helpful. That amendment exempted the proceeds of insurance taken by the husband for the benefit of his wife and children from all claims of the representative and creditors of the assured, but limited the amount of the annual premiums that might be paid for such insurance. Section 3628, R. S., was amended in 1898 (93 Ohio Laws, 131), which amendment exempted from all claims by the representative and creditors of the insured, the sum or net amount of such insurance becoming due and payable under the terms of the policy. It did not limit the amount of the annual premium that might be paid for such insurance, but provided that the amount of such premiums, paid in fraud of creditors, might be recovered from the proceeds of the policy or directly from the company issuing the policy if it was notified of such claim before payment had been made. This amendment became sections 9393, 9394, 9395, and 9396, General Code. These sections were again amended in 1913 (103 Ohio Laws, 558), which amendments are now the present law of Ohio. There is a substantial difference between section 9394 as it now reads and the prior legislation upon this subject. This section does not provide, as did the prior statutes, that the sum or net amount only of the insurance becoming due and payable on policies of this character shall be exempt, but in addition thereto provides that all policies of life insurance which have been taken out for the benefit of the wife or children of the assured or any dependent relative or creditor shall likewise be exempt. This section by its express terms includes "all policies" of this character "which may hereafter mature," and also includes policies that are "subject to a change of beneficiary, if desired," and provides in no uncertain terms that all of these policies, and not merely the proceeds thereof, shall be held for the benefit of such wife or child or other relative or creditor, subject to the change in beneficiary if desired, free and clear from all claims of the creditors of such insured person.

It is insisted, notwithstanding the language of the statute in reference to a change in beneficiary, that a policy of insurance taken out for the benefit of the wife but subject to change of beneficiary by the husband without the consent of the wife, is not in fact a policy for the wife's benefit. But, subject to such change of beneficiary, it is for her benefit, and the only person that can defeat her rights therein is the husband who procured the policy to be so written. Aside from the probability that there will be no change in beneficiary, the wife is entitled to the judgment of her husband based upon his recognition of his duty to her and to his family in reference to such change, and not to the judgment of a creditor or a trustee in bankruptcy. If such change in beneficiary is made to some person not named in this statute, then, of course, the policy would no longer be exempt from claims of creditors.

[1] However that may be, it is clear from the language of this statute, that all policies of insurance taken out for the benefit of or bona fide assigned to the wife, children, other dependent relative or creditor come within the broad terms of the present section 9394 of the General Code of Ohio, regardless of whether such policies have matured or vested in the beneficiary or beneficiaries and regardless of the right of the insured to "change beneficiaries if desired." Otherwise the amendment of the prior statute would have neither purpose nor effect.

[2] It is claimed, however, that the policy issued by the Bankers' Life Company of Des Moines, Iowa, is a speculative endowment policy and therefore ought not to come within the scope of the Ohio exemption statute. The statute itself makes no distinction between life insurance policies having endowment features and straight life insurance policies, but expressly includes "all policies of life insurance." Even if a short term life insurance endowment policy might be considered as a speculative investment and as such held not to be exempt under the Ohio statute—a question we do not now decide—nevertheless this policy is not one of that character. The term of the endowment does not expire until March 18, 1958, more than a third of a century after its date. This could hardly be considered speculative within the usual meaning of that term. On the contrary, it would seem that the endowment feature is merely incident to the life insurance and not that the life insurance is incident to the endowment.

For the reasons stated, the order of the District Court is affirmed.