## TURNER v. BOVEE.

No. 8337.

Circuit Court of Appeals, Ninth Circuit.

Nov. 9, 1937.

Rehearing Denied Dec. 7, 1937.

Walter A. McClure, McClure & McClure, Theodore S. Turner, pro se., and Hare, Turner & Maurier, all of Seattle, Wash., for appellant.

DeWolfe Emory and Poe, Falknor, Emory & Howe, all of Seattle, Wash., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Theodore S. Turner, as trustee in bankruptcy of the estate of Walter G. Bovee, bankrupt, appeals from an order of the District Court which confirmed an order of a referee in bankruptcy which sustained exceptions to the trustee's report of exempt property and held (contrary to the trustee's determination) that a certain insurance policy should be set apart and retained by the bankrupt as exempt property. The policy in question was issued by the Prudential Insurance Company of America[1] on February 11, 1926. It provides:

"The Prudential Insurance Company of America, in consideration of the application for this policy * * * * and of the payment, in the manner specified, of the premium herein stated, hereby endows and insures the person herein designated as the insured, for the amounts named herein, payable as specified * * *

"The insured, Walter G. Bovee.

."Face amount of insurance, twenty thousand dollars, payable at the home office of the Company, in Newark, New Jersey, twenty years after the date hereof, on the eleventh day of February, 1946, provided the insured be then living and this policy be then in force; or immediately upon receipt of due proof of the prior death of the insured while this policy is in force.

"Payable to the insured, if living twenty years after the date hereof, or, in case of the prior death of the insured, to Ambassador Hotel Company, Incorporated, its successors or assigns, beneficiary.

"Accidental death benefit, twenty thousand dollars, payable to the beneficiary in addition to the face amount of insurance, at the home office of the Company, in event of death by accident * * *

"If there be no beneficiary living at the death of the insured the amount of insurance payable shall be paid to the executors, administrators or assigns of the insured, unless otherwise provided in the policy. The right to change the beneficiary has been reserved by the insured."

On September 10, 1929, the insured exercised his right to change the beneficiary under the policy by designating his wife, Bessie C. Bovee, as such beneficiary, in place of the Ambassador Hotel Company. On October 29, 1935, the insured filed his petition praying to be adjudged a bankrupt, and the District Court, on the same day, made such order of adjudication. The above-mentioned policy was then in force, and had a cash surrender value of $7,841.04, payable to the bankrupt. In a schedule filed with his petition, the bankrupt claimed the policy[2] as exempt property. The trustee determined that the bankrupt was not entitled to the claimed exemption, and, accordingly, refused to set apart the policy as exempt property. Exceptions to the trustee's report were sus-

---

[1] In the schedule filed with the bankrupt's petition, in the bankrupt's exceptions to the trustee's report, in the referee's order sustaining these exceptions, and in the trustee's petition to review the referee's order, the policy in question is erroneously described as having been issued by the Prudential Life Insurance Company. It is apparent, however, that the policy intended to be referred to was that issued by the Prudential Insurance Company of America.

[2] It is apparent that, in claiming the policy, the bankrupt intended to and did claim its cash surrender value. In other words, he claimed the right to retain the policy without paying or securing to the trustee the cash surrender value thereof.

tained by the referee and by the District Court. This appeal followed.

The Bankruptcy Act does not directly grant or define any exemptions, but directs, in section 6 (11 U.S.C.A. § 24), that bankrupts be allowed "the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition," thus making such state laws the measure of the right to exemptions. White v. Stump, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301. In this case, the bankrupt had, for the six months immediately preceding the filing of his petition, had his domicile in the state of Washington. Whether the exemption claimed by him should or should not have been allowed must, therefore, be determined by the laws of that state.

Section 7 of the Bankruptcy Act (11 U.S.C.A. § 25) provides that a voluntary bankrupt shall claim his exemptions in a schedule filed with his petition. Section 47a (11 U.S.C.A. § 75(a) provides that the trustee shall set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after his appointment. Section 70a (11 U.S.C.A. § 110(a) provides: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets. * * *"

Thus, it will be noted, in specifying property the title to which shall be vested in the trustee, the Bankruptcy Act expressly excepts "property which is exempt," meaning, as previously shown, that which is exempted by the laws of the state of the bankrupt's domicile, in this case, the state of Washington. Section 7230—1 of Remington's Revised Statutes of Washington (Laws 1927, p. 72, § 2), provides: "That the proceeds or avails of life insurance heretofore or hereafter effected by any person on his own life * * * in favor of a person other than himself having an insurable interest therein, shall be exempt from all liability for any debt of the person effecting the insurance, * * * unless the contrary appears by the terms of the policy. * * *"

The trustee contends that section 7230—1 is inapplicable, because the policy here in question is an endowment policy, not a life insurance policy. We think that this contention is without merit. The policy does, it is true, contain endowment provisions. It provides that the face amount thereof shall be payable to the insured, if living, twenty years after the date thereof, provided the policy is then in force; but it also provides that, in case of the prior death of the insured while the policy is in force, the face amount thereof shall be paid to the beneficiary thereunder, immediately upon receipt of due proof of such prior death. Such a policy, though it contains endowment provisions, is nevertheless a life insurance policy. Holden v. Stratton, 198 U.S. 202, 209, 25 S.Ct. 656, 49 L.Ed. 1018.

The trustee contends that the insurance here in question was effected by the insured, not in favor of a person other than himself, but in his own favor, and that, for this reason, the exemption statute (section 7230—1, supra) does not apply. There is no merit in this contention. It is true the endowment provisions of the policy are in favor of the insured, but its life insurance provisions—provisions relating to death benefits—are in favor of a person other than himself, namely, his wife, who was at the time of adjudication, and is now, the beneficiary under the policy. That its endowment provisions are in favor of the insured does not, in our opinion, defeat the exemption. The statute does not restrict the exemption to policies containing no provisions in favor of the insured. Restrictions not contained in the statute should not be read into it by judicial construction. Hold-

794

en v. Stratton, supra. On the contrary, this being an exemption statute, we should construe it liberally. Hills v. Joseph (C.C.A.9) 229 F. 865, 869; In re Hindman (C.C.A.9) 104 F. 331, 333.

It is true, of course, that the bankrupt himself owns or has an interest in the policy in question. Otherwise, he could not rightfully claim it as exempt property. His claim of exemption is, necessarily, a claim of ownership. But the fact that he owns or has an interest in the policy does not alter the fact that it is in favor of his wife. A policy may be owned by one person and be in favor of another. Owner and beneficiary need not be one and the same.

Also without merit, we think, is the trustee's contention that the claimed exemption should be denied because, in this policy, the right to change the beneficiary is reserved to the insured. The exemption statute (section 7230—1, supra) does not, expressly or by implication, exclude policies containing such reservations. Here again, to uphold the trustee's contention would be to read into the statute a restriction not contained therein. This we decline to do.

The life insurance here in question was effected by the insured (now bankrupt) on his own life in favor of a person other than himself, namely, his wife, who, it must be conceded, has an insurable interest therein. Since, by the terms of the policy, nothing to the contrary appears, we conclude that the proceeds and avails—including cash surrender value—of this insurance are exempt under the Washington statute, and that the bankrupt's claim of exemption was properly allowed.

Order affirmed.