**COUNTY SAVINGS & LOAN CO. v WRIGHT et**

Common Pleas Court, Cuyahoga Co

No 489275. Decided Jan 25, 1941

Husband & Billings, Cleveland, for plaintiff.

Locher, Green & Woods, Cleveland, and Chas. A. Slade, Columbus, for defendants.

## OPINION

By HURD, J.

This case comes before this court at this time upon the motion of the plaintiff for an order confirming the report of the referee previously appointed in this cause and for an order upon E. Eloise Hess, defendant herein, and The Penn Mutual Life Insurance Company, garnishee herein, to turn over, convert and pay plaintiff's judgment out of the proceeds of what is termed an annuity contract, and upon the objections to the defendant, E. Eloise Hess, to the report of the referee. An oral hearing has been held upon the application of the plaintiff and the objections of the defendant at which testimony was adduced and thereafter counsel filed extensive briefs in support of their respective contentions.

Briefly, the defendant, E. Eloise Hess, on the 30th day of August, 1929, by specific written agreement, assumed the obligations of a promissory note which was secured by mortgage on property which she received as grantee from the original signer of the note. On the 24th day of August, 1931, this defendant procured the insurance policy which is the subject of this controversy. The plaintiffs instituted a foreclosure action which resulted in a decree entered on the 14th of June, 1940, and after sale in accordance therewith a deficiency judgment is held by the plaintiff against this defendant in the sum of $1,147.73.

These aid of execution proceedings were instituted by the plaintiff and the referee herein appointed reported to the court that in accordance with the answer filed by the garnishee insurance company, the defendant, Hess, was the owner of an annuity policy issued on August 24th, 1931, which contract provided a life income for the judgment debtor payable in installments of $50 per month commencing on August 24, 1945. The referee further reported that on the death of the annuitant death benefits under the policy are payable to Carl Hess and Myron T. Hess, a brother and a nephew of the judgment debtor, in equal shares. The cash surrender value of the policy, as of September 4, 1940, is $4,936.51. The judgment debtor claimed exemption as to this policy under the provisions of §9394 GC.

The plaintiff points to the fact that §9394 as it at present exists represents an amendment to that statute, which was enacted on September 28, 1933, and contends that this statute as it existed, and was in effect prior to its amendment, is controlling as to the issues involved prior to its amendment. The statute originally referred to—"All policies of life insurance" taken for the benefit of dependent relatives, and after its amendment the statute read: "All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein."

The parties have entered into a very interesting discussion as to whether the amendment must be construed as a change or an addition or whether it represents a mere attempt on the part of the legislature to clarify the meaning intended by the statute prior to its amendment. Under the facts before the court it is unnecessary to go into the merits of this discussion. For the purpose of the conclusions herein reached, and for that purpose only, it is assumed that the plaintiff is right in its contentions that the statute, as it existed prior to its amendment, is controlling and that a definite change was intended by the legislature so that under the amendment a broader field of exemption was contemplated than was authorized by the statute prior thereto.

The plaintiff relies upon the case of Moskowitz v Davis of the federal Cir-

cuit Court of Appeals, Sixth Circuit, 68 F.2d 818, 819. In that case the opinion clearly indicates that the policies under consideration were regarded by the court as pure endowment contracts and therefore not within the definition of the term life "insurance policy" as employed in this statute as it existed prior to the amendment. The court pointed out that under the policies before it the company was obligated to pay the insured a specific amount on a subsequent date if he be then living but not otherwise, and that should the insured die before that date, the "policy * * * shall * * * become void, but in lieu thereof the company will pay to (the beneficiary) * * * the sum of the total premiums paid * * * taken at the tabular annual rate, but without interest; such sum being increased by any existing bonus additions and any accumulated dividends held to the credit, of this policy." The court held at page 819 of the opinion in 68 F.2d by Judge Hicks, concurred in by Judges Hickenlooper and Simons, "We think the contract simply represents an investment or pure endowment with a provision for return of premiums rather than life insurance. See Curtis v N. Y. Life Ins. Co., 217 Mass. 47, 49, 104 N. E. 553, Ann. Cas. 1915C, 945. It is nowhere described as a life insurance policy. To the contrary, the application calls for 'a Pure Endowment Policy', and the instrument itself, both upon its initial and cover page, is described as 'Pure Endowment Maturing * * * With Return of Premiums If Death Occurs Before Maturity Date. * * * ' "

In our opinion it would be erroneous to assume that the insurance policy before the court in the case at bar comes within the findings and conclusions of the above mentioned case as to the nature and kind of policy considered by the court in the case then before it. The evidence before the court in the instant case, however, indicates very definitely and clearly that the policy of insurance here involved is by no means of the same kind or nature in its provisions as the policy before the Circuit Court of Appeals in the Moskowitz v Davis case, supra.

The answer of the garnishee, which is incorporated as part of the referee's report, is that the policy of insurance with which we are concerned in the instant case is in effect a life insurance policy containing a provision for payment to the insured of a life income payable in equal monthly installments of $50 commencing on August 24, 1945. The provisions of the policy are in part as follows: "The death benefits under this contract are payable in equal shares to Carl Hess and Myron T. Hess, brother and nephew respectively of the insured, or to the survivor of them. Power to change the beneficiary is reserved to the insured. Under this contract if the insured survives the due date of the first life income payment but dies before the total monthly payments already made to her equal the death benefit of the policy as of the policy year preceding the commencement of the life income payments, the difference will be paid to the named beneficiaries. If, on the other hand, the insured should die before the due date of the first income payment. The Penn Mutual Life Insurance Company, would pay to the beneficiaries the death benefit payable under the policy. Whether the insured dies before or during the income period, any amount payable to the beneficiaries will be paid in one sum."

It therefore clearly appears that this policy is substantially a life insurance policy under which in the event of the death of the plaintiff prior to the endowment date the full face of the policy is payable to the beneficiaries.

In the case of Moskowitz v Davis, supra, the evidence afforded the court ground for concluding that the policies before it were essentially endowment contracts as to which the life insurance feature was minor and incidental. The policy before this court, however, is manifestly essentially a life insurance contract with an incidental endowment feature. If the court were to hold that an insurance policy lost its characterization as life insurance solely because of incidental, modifications reserving to

the insured the right to receive conditional benefits such as loans, endowment payments or the right to change a beneficiary. there would scarcely be any policy which would come within the terms of the statute.

This conclusion is fully supported by the decision of the United States Circuit Court of Appeals of the Sixth Circuit Court in the case of In re Weick, 2 F.2d 647, the second syllabus of which is ·as follows:

"Under §9394 GC, an endowment life insurance policy payable to bankrupt's beneficiary was exempt, notwithstanding the endowment clause, where endowment term would not expire until 1958."

On page 649 of 2 F.2d, this court says in construing the statute involved prior to its modification: "The statute itself makes no distinction between life insurance policies having endowment features and straight life insurance policies, but expressly includes 'all policies of life insurance.' Even if a short term life insurance endowment policy might be considered as a speculative investment and as such held not to be exempt under the Ohio statute—a question we do not now decide—nevertheless this policy is not one of that character. * * * On the contrary, it would seem that the endowment feature is merely incident to the life insurance and not that the life insurance is incident to the endowment."

It is interesting to note that the court which decided this case is the same court, although with different personnel, which decided the case of Moskowitz v Davis, supra, and the court in that case cited with approval and distinguished the case of In re Weick, supra. We find the following comment at page 819 of 68 F.2d: "We do not find in In re Weick (C. C. A. 6) 2 F.(2d) 647, anything contrary to our conclusion. The Weick Case dealt with two life insurance policies with incidental endowment features rather than with a simple investment or pure endowment contract."

We distinguish the instant case from the case of Moskowitz v Davis, supra, on precisely the same grounds and follow the case of In re Weick, supra, which we believe contains the law applicable to the facts in this case.

The plaintiff has further contended that the evidence does not disclose that the designated beneficiaries are dependent relatives within the meaning of §9394 GC. On this feature the court is clearly of the opinion that the greater weight of the evidence compels the finding and the conclusion that the beneficiaries are dependent.

The court therefore concludes that even under the language of the statute prior to its amendment the proceeds of the insurance policy in the case at bar are unquestionably exempt from execution.

Holding these views, the objections to the report of the referee are sustained and the defendants' claim of exemption as to the proceeds of the policy is likewise sustained, and the motion of the plaintiff to confirm the report of the referee and for an order upon the garnishee is overruled. Exceptions may be noted.