**In re Alfred TENNANT, et al., and Mabel June Tennant, et al., Debtors.**

**Bankruptcy No. 80–61479.**

United States Bankruptcy Court,
N. D. Indiana,
Hammond Division.

Nov. 19, 1981.

Tedd Mishler, Valparaiso, Ind., for debtor.

David DuBois, Portage, Ind., Trustee.

Thomas Macke, Valparaiso, Ind., for creditor.

## MEMORANDUM

RUSSELL H. NEHRIG, Bankruptcy Judge.

The debtors moved to dismiss the creditor's objection to the debtors' exemptions alleging that the objection was not timely filed. Since the trustee's report under Rule 403 of the Bankruptcy Rules of Procedure is no longer required, and no time is specified in the rules for filing objections to the debtor's exemptions, this court holds that the objection was timely filed. Rules of Bankruptcy Procedure 403, 1978 Bankruptcy Code Comment.

The statute concerning bankruptcy exemptions pertains to certain real estate, tangible personal property, personal property in the amounts set forth and $100.00 of intangible personal property, for a total not to exceed $10,000.00. Ind.Code Section 34–2–28–1 (1980). One objection contends that the loan value of life insurance is intangible personal property limited to $100.00. However, Indiana has had a special law for life insurance for many years. It is necessary to know its chronology in order to understand the court's opinion.

Prior to 1973, the law exempted "proceeds and avails" of life insurance policies from claims of creditors without defining the quoted words. Ind.Code Section 39–4210 (1935). In 1973, the statute was amended to define proceeds and avails as including death benefits, cash surrender values, dividends, etc. Ind.Code Section 27–1–12–14 (1973). The statute was again amended in 1981 to include loan values as being exempt, but the amendment did not take effect until September 1, 1981. Ind. Code Section 27–1–12–14 (1981). The debtors filed bankruptcy on April 6, 1981. Thus, it is the 1973 law that governs the debtors' exemptions. This court has held that loan values are exempt under the 1973 statute. *See In re Stepp*, No. 81–60510 (Bkrtcy.N.D.Ind. November 6, 1981).

The *Stepp* opinion contains the following:

The court can see no appreciable differences between dividends left with the insurer to accumulate, which were exempt under the law in effect prior to September 1, 1981, and loan values, which were not specifically exempted under that prior law. Both, in a sense, are ways of accumulating reserves of money which are available to the insured person. The court has seen the pay out figures on policies. The payments of loan values and accumulated dividends were substantially the same amounts. Specifically, on a $5,000.00 policy in effect for many years, the company paid $2,504.82 for a loan and $2,111.79 for accumulated dividends. One cannot conceive why the legislature was previously unwilling to allow creditors to attach accumulated dividends, but willing to allow loan values to be attached. In fact, it would be less harmful to an insured person and his family if loan values were exempt and dividends were not. That way, while the dividends would be lost by attachment, the policy would not be endangered by a forced loan. The only reasonable conclusion is that the legislature never intended to make any distinction, but merely never got around to clarifying the law. *Id.* at 2–3.

The creditor introduced an affidavit in support of his objection to the debtors' exemption. The affidavit was made by an Indiana State Senator. It states that the senator was a sponsor of the 1973 bill and served on the drafting committee, that there were lengthy discussions as to whether or not "loan values" should be included in the definition of "proceeds and avails," and that it was decided not to do so. The affidavit then states as follows:

8. The drafting Committee's purpose for exclusion of "loan values" from the definition of "proceeds or avails" rests in the legislative intent to protect the assets of the life insurance beneficiaries rather than the life insurance contract owners. Unlike the surrender or cash value which results in the termination of the life insurance contract, the surrender of "loan values" does not effect (sic) the existence of the insurance contract and provides the creditor with access to insurance proceeds which are assets of the contract owner without the termination of policy benefits for the beneficiaries.

The affidavit is self-destroying. The inclusion of cash surrender values and dividends as exemptions in the 1973 amendment most certainly protected the assets of the contract owners. The exclusion of loan values most certainly did not protect the assets of life insurance beneficiaries. Upon the death of the insured, the unpaid amount of forced loans would be taken off the top by the insurer. In the example given, the payment to the beneficiaries would be reduced to about one-half of the $5,000.00 face value.

Much has been said and written for a long time about the philosophy of giving a bankrupt a "fresh start in life." The concept may have had something to do with the liberal exemptions provided for by Congress in Section 522(d) of the Bankruptcy Code. The concept or the pattern set by the Congress may have contributed to the increase of Indiana exemptions from

$1,000.00 prior to 1977, Ind.Code Section 34–2–28–1 (1937), to $10,000.00 in 1980, Ind. Code Section 34–2–28–1 (1980). If the debtors had waited less than five months before filing bankruptcy, they would clearly have been entitled to the benefits under the liberalized insurance law.

The court believes that it can make a liberal interpretation of the 1973 insurance exemption statute by including loan values without flying in the face of precedent on the subject of liberality. The interpretation is based upon the statements in the affidavit that the Drafting Committee engaged in lengthy discussions about including loan values and decided not to do so and the court's conclusion that they were not included solely because of the committee's fallacious reasons for its decision. It appears that the reasoning got straightened out in 1981 which resulted in the inclusion.