**In re Roland Bryan FOSTER, Jr. and Carolyn J. Foster d/b/a Foster Construction Co., Debtors.**

**Bankruptcy No. 93–71090–BHL–11.**

United States Bankruptcy Court,
S.D. Indiana,
Evansville Division.

May 20, 1994.

---

**184**

Charles R. Wharton, Indianapolis, IN, for the U.S. Trustee Office.

David J. Bodle, Henderson Daily Withrow & Devoe, Indianapolis, IN, Ross E. Rudolph, Mattingly Rudolph Fine & Porter, Evansville, IN, for debtors-in-possession.

Terry G. Farmer, Bamberger Foreman Oswald & Hahn, Evansville, IN, for Citizens Nat. Bank.

### MEMORANDUM

BASIL H. LORCH, III, Bankruptcy Judge.

This matter comes before the Court on the **Objection to Exemptions** filed by Citizens National Bank ["Citizens"] and by the United States Trustee ["Trustee"]. The Trustee filed an **Objection to Exemptions** on February 25, 1994, and **Brief in Support of Objection to Exemptions** on April 26, 1994, objecting to the exemption claimed for pre-paid life insurance. The Trustee claims that the Indiana Code Sections relied upon by the debtors, I.C. 27–1–12–14 and 27–2–5–1, violate Article I, Section 22 of the Indiana Constitution pursuant to the recent decision of the Indiana Supreme Court in *Matter of Zumbrun*, 626 N.E.2d 452 (1993).

Similarly, Citizens filed an **Objection to Exemptions and Brief in Support of the Citizens National Bank of Evansville's Objection to Debtors' Exemptions** on February 23, 1994, objecting to the claimed exemption for pre-paid life insurance. Additionally, Citizens objected to the debtors' claimed exemptions, pursuant to I.C. 34–2–28–1(a)(6), in certain Individual Retirement Accounts valued at $34,797.25 and $31,799.75. Citizens filed a **Supplemental Brief in Support of The Citizens National Bank of Evansville's Objection to Debtors' Exemptions** on April 22, 1994.

The **Response of Debtors in Opposition to Objection to Exemptions** was filed on April 13, 1994, and a **Supplemental Brief in Opposition to Objections to Exemptions** was filed on April 26.

The Court conducted a hearing on the respective Objections to Exemptions on April 19, 1994, at which time the matter was taken under advisement. The Court, having reviewed the pleadings and applicable caselaw, does now make the following Findings of Fact and Conclusions of Law.

*Findings of Fact*

1. Roland B. Foster, Jr. was issued a whole life insurance policy by Indianapolis Life Insurance Company on November 23, 1993.

2. The debtor had applied for the policy on November 18, 1993, and had paid a single cash premium of $100,000.00. The face amount of the policy is $115,000.00 and the stipulated cash surrender value of the policy is $91,846.00.

3. Roland B. Foster, Jr. and Carolyn J. Foster, debtors herein, each own an Individual Retirement Account at German American Bank. The debtors made annual contributions from 1981 through 1989 in said IRAs, contributing the maximum $2,000/person per year, with the exception of 1981, in which year they jointly contributed $1800.

4. The IRAs were valued at $34,797.25 and $31,799.75 at the time of filing.

5. The cash surrender value of the life insurance policy and the Individual Retirement Accounts were claimed as exempt by the Fosters when they filed their voluntary petition for relief under Chapter 11 on November 30, 1993.

*Conclusions of Law*

Initially, the Court notes that it has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334; 28 U.S.C. Section 157; and the Standing Order of the Southern District of Indiana effective since July 11, 1984. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(B).

Roland Foster claimed as exempt the cash value of a certain life insurance policy purchased just prior to the filing of his voluntary petition. In support of his claimed exemption, the debtor cites I.C. 27–1–12–14(c) which reads in part as follows:

(c) all policies of life insurance upon the life of any person, which name as beneficiary, ... the spouse ... shall be held ... free and clear from all claims of the credi-

tors of such insured person ... and the proceeds or avails of such life insurance policy shall be exempt from all liabilities from any debt or debts of such insured person or of the person's spouse.

The term "proceeds or avails" is defined in the next paragraph of the statute to include "death benefits, cash surrender and loan values, premiums waived and dividends ..." I.C. 27–1–12–14(d).

Indiana has opted out of the federal exemptions set forth in 11 U.S.C. Section 522(b)(1) and Indiana law determines what property a debtor may exempt from his creditors in or out of the bankruptcy arena. I.C. 34–2–28–0.5. Thus, the debtors' reliance on Indiana's sixty-year old statute exempting values in life insurance policies would seem well placed. A recent decision of the Indiana Supreme Court, however, requires a new examination of long-standing exemption policies and practices in Indiana. *Matter of Zumbrun,* 626 N.E.2d 452 (1993).

In *Zumbrun,* the Supreme Court, in response to a certified question from the district court for the Northern District of Indiana, found that I.C. 34–2–28–1(a)(6) was unconstitutional. That statute, which exempted "an interest the judgment debtor has in a pension fund, a retirement fund, an annuity plan, an individual retirement account, or a similar fund, either private or public," was found to violate Article 1, Section 22 of the Indiana constitution [1] by failing to impose any limitation upon the dollar value or amount of property which could be exempted. The Supreme Court, by a 3–2 majority, held that the provision of Section 22 "exempting a reasonable amount of property" imposed a cap on the legislature rather than a requirement that the legislature exempt *at least* a reasonable amount. *See, Zumbrun,* 626 N.E.2d 452, 455–56 (Dickson, J. and Sullivan, J., dissenting with separate opinions).

---

1. Article 1, Section 22 of the Indiana Constitution provides as follows:

The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted; and there shall be no imprisonment for debt, except in case of fraud.

■ The debtor has correctly pointed out that in the pre-*Zumbrun* world, Indiana courts and federal courts have construed the contested statute so as to uphold the exemption granted life insurance policies,[2] and that courts should give liberal effect to exemption statutes.[3] Additionally, it has long been held that courts should construe statutes to be constitutional whenever possible. *See, e.g., Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council,* 485 U.S. 568, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988); *NLRB v. Catholic Bishop of Chicago,* 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979); *Batanic v. Immigration & Naturalization Service,* 12 F.3d 662, 663 (7th Cir.1993); *Northwest Hosp., Inc. v. Hosp. Service Corp.,* 687 F.2d 985 (7th Cir. 1982); *Book v. Board of Flood Control Commissioners,* 239 Ind. 160, 156 N.E.2d 87 (1959); *Eddy v. McGinnis,* 523 N.E.2d 737 (Ind.1988).

There are also persuasive public policy interests served by allowing such exemptions. Providing for one's dependents through private policies of insurance and protecting such policies from creditors are legitimate concerns for a legislature. Such protection would be cost beneficial to the citizens of Indiana who might otherwise be forced to take up the burden of support.

These public policy concerns, however, were likewise apparent in relation to retirement funds and, as noted, the *Zumbrun* majority felt that the absence of a cap made retirement funds available to creditors. The only real issue before this Court is whether I.C. 27–1–12–15 can be distinguished from I.C. 34–2–28–1(a)(6).

Chief Justice Shepherd wrote in *Zumbrun* that "statutes which create unlimited exemptions are inconsistent with the directive of Section 22 and the balanced policy underlying it." *Zumbrun,* 626 N.E.2d 452, 455. He noted that the challenged statute "exempted an unlimited amount of intangible assets from execution to pay legitimate debts, making it possible to closet virtually every liquid asset possessed by a debtor simply through placing the assets in some form of retirement instrument." *Id.*

■ If one substitutes the words "life insurance policy" for "retirement instrument," that statement is precisely accurate in describing I.C. 27–1–12–14(c) and this debtor's conduct. Accordingly, this Court feels that the *Zumbrun* decision mandates a finding that the contested statute violates Article 1, Section 22 of the Indiana Constitution and the respective Objections to the debtors' claimed exemption in the life insurance policy are sustained.

■ Citizens has also objected to the debtors' claimed exemptions, pursuant to I.C. 34–2–28–1(a)(6), in certain Individual Retirement Accounts valued at $34,797.25 and $31,799.75. Although *Zumbrun* held that statute to be unconstitutional due to its open-ended nature, that statute was amended in 1993 to exempt:

An interest, whether vested or not, that the ... debtor has in a retirement plan to the extent of:

(A) Contributions ... that were made to the retirement plan:

(i) By or on behalf of the debtor; and

(ii) Which were not subject to federal income taxation to the debtor at the time of the contribution;

(B) Earnings on contributions made under clause (A) that are not subject to federal income taxation at the time of the judgment; and

(C) Roll-overs of contributions made under clause (A) that are not subject to federal income taxation at the time of the judgment.

This Court finds that the foregoing statute, as modified, provides for a reasonable cap on the allowable exemption and thus satisfies

---

**2.** *See, e.g., Fogel v. Bangs,* 164 F.2d 214 (7th Cir.1947), *cert. denied,* 333 U.S. 862, 68 S.Ct. 741, 92 L.Ed. 1141 (1948); *In re Tennant,* 15 B.R. 502 (Bankr.N.D.Ind.1981); *Dock v. Tuchman,* 497 N.E.2d 945 (Ind.App.1986).

**3.** *Fogel v. Bangs,* 164 F.2d 214 (7th Cir.1947), *cert. denied,* 333 U.S. 862, 68 S.Ct. 741, 92 L.Ed. 1141 (1948); *Cohen Tent Co. v. Treesh,* 199 Ind. 24, 155 N.E. 42 (1927); *Astley v. Capron,* 89 Ind. 167 (1883).

the *Zumbrun* criteria. Citizens' Objection is denied.

As life insurance companies and policy-holders, attorneys and clients, debtors and trustees, legislators and judges attempt to define exemptions and review exemption planning in post-*Zumbrun* Indiana, some may be reminded of the words of a currently popular country music song: "I wish I didn't know now what I didn't know then."

**IT IS SO ORDERED.**

## ORDER

This matter comes before the Court on the **Objection to Exemptions** filed by Citizens National Bank ["Citizens"] and by the United States Trustee ["Trustee"]. The Trustee filed an **Objection to Exemptions** on February 25, 1994, and **Brief in Support of Objection to Exemptions** on April 26, 1994, objecting to the exemption claimed for pre-paid life insurance.

Similarly, Citizens filed an **Objection to Exemptions and Brief in Support of the Citizens National Bank of Evansville's Objection to Debtors' Exemptions** on February 23, 1994, contesting the claimed exemption for pre-paid life insurance. Additionally, Citizens objected to the debtors' claimed exemptions, pursuant to I.C. 34–2–28–1(a)(6), in certain Individual Retirement Accounts. Citizens filed a **Supplemental Brief in Support of The Citizens National Bank of Evansville's Objection to Debtors' Exemptions** on April 22, 1994.

The **Response of Debtors in Opposition to Objection to Exemptions** was filed on April 13, 1994, and a **Supplemental Brief in Opposition to Objections to Exemptions** was filed on April 26.

The Court conducted a hearing on the respective Objections to Exemptions on April 19, 1994, at which time the matter was taken under advisement. The Court, having now reviewed the pleadings and the applicable caselaw, and being otherwise fully and sufficiently advised, does hereby FIND that the debtors' claimed exemption for pre-paid life insurance is hereby disallowed and the respective Objections to Exemptions in that regard are, therefore, **SUSTAINED.**

The Court, for the reasons set forth in the attached Memorandum, does hereby further FIND that Citizens' Objection to the debtors' claimed exemption in the two retirement accounts is **DENIED.**

**IT IS SO ORDERED.**